# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DOUGLAS BERRY,
On his behalf and on behalf of
all others similarly situated;

      Plaintiff,

v.

STONEMOR MICHIGAN LLC,

      Defendant.

Case No.

Hon.

**COLLECTIVE ACTION FAIR LABOR STANDARDS ACT**

**CLASS ACTION IMPROVED WORKFORCE OPPORTUNITY WAGE ACT**

---

Brendan J. Childress (P85638)
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Brendan@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

### COLLECTIVE AND CLASS ACTION
### COMPLAINT AND JURY DEMAND

Now Comes Plaintiff Douglas Berry, individually and on behalf of all other similarly situated individuals ("Plaintiffs") by and through their attorneys, Hurwitz

Law PLLC, and submit the following in support of their Complaint and Jury Demand against Defendant Stonemor Michigan LLC ("Defendant"):

## INTRODUCTION

1. Plaintiffs bring this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and class action under the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931 *et seq.* for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant.

## PARTIES AND JURISDICTION

2. Plaintiff Berry is an individual residing in the City of Jackson, County of Jackson, and State of Michigan.

3. Defendant is a domestic limited liability Company with its resident agent and registered mailing address located in East Lansing, Michigan.

4. At all relevant times, Defendant employed Plaintiff Berry at its Roseland Memorial Gardens location in Jackson, Michigan.

5. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' claims under the Improved Opportunity Wage Act ("IWOWA"), M.C.L. § 408.933 pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is the district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## FACTUAL ALLEGATIONS

7. Defendant is a domestic limited liability Company that owns and operates numerous cemeteries in Michigan, including Roseland Memorial Gardens.

8. Defendant pays Plaintiffs a salary and does not pay them overtime compensation for the hours they work or worked in excess of forty (40) hours per week.

9. Plaintiffs consistently and regularly work or worked more than forty (40) hours per week but are, or were, not compensated for their overtime work.

10. Plaintiffs were unlawfully classified as "exempt" by Defendant and deprived of proper overtime compensation for hours worked in excess of forty (40) hours per week.

11. The proposed and collective action class is defined as "all current and former employees who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's cemeteries who were unlawfully classified as 'exempt' from overtime pay by Defendant." Plaintiffs reserve the right to amend said class definition consistent with information obtained through the course of discovery.

## Plaintiff Douglas Berry

12. Plaintiff has been employed at Roseland Memorial Gardens, now owned by Defendant, since April 2021.

13. In May 2022, Plaintiff became a salaried employee for Defendant and receives a salary in the amount of approximately $39,520.

14. Since May 2022, Plaintiff has performed approximately ten (10) burials on Saturdays, for which he received no compensation.

15. Each Saturday burial required approximately five (5) hours of work.

16. Plaintiff has also performed a substantial amount of overtime since he became a salaried employee in addition to his Saturday burials.

17. In the course of his employment with Defendant, Plaintiff does not exercise discretion and independent judgment with respect to matters of significance, nor does he formulate management policies or operating practices, deviate from established policies and procedures, investigate matters of significance on behalf of management, handle complaints, arbitrate disputes, or resolve grievances.

18. Rather, Plaintiff Berry's primary duties include digging graves, performing burials, measuring and marking out burial plots, setting headstones, performing maintenance on the Company's equipment, and completing burial paperwork.

19. Plaintiff's "exempt" classification is therefore erroneous, and he is owed overtime for all hours worked in excess of 40 hours per week since he became a salaried employee in May, 2022.

20. The trauma Plaintiff has suffered as a result of Defendant's failure to pay him overtime has been exacerbated by the constant stress of the job resulting in detriment to his health.

21. Plaintiff's stress recently manifested itself in the form of a mini-stroke on or about September 26, 2022 so serious that Plaintiff's neurologist restricted him from work.

22. Plaintiff was deprived of wages in exact amounts to be determined at trial.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA") ON BEHALF OF PLAINTIFF, INIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER
### (UNPAID OVERTIME WAGES)

23. Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

24. Plaintiffs are former and current "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

25. Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods" within the meaning of 29 U.S.C. § 203.

26. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

27. All employees are entitled to overtime pay of "one and one-half times" their regular pay for any workweek longer than forty hours," unless their work falls into an exemption category. 29 U.S.C. § 207(a)(1).

28. Defendant's conduct in this regard was knowing and willful.

29. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

30. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all current and former employees who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's cemeteries." Plaintiffs reserve the right to amend said collective action definition consistent with information obtained through the course of discovery.

**COUNT II
VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY
WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED
EMPLOYEES, CURRENT AND FORMER (UNPAID OVERTIME WAGES)**

31. Plaintiffs hereby incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

32. Plaintiffs are former and current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.932.

33. Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act. *Id.*

34. "An employer shall not pay any employee at a rate less than prescribed" under the Improved Workforce Opportunity Wage Act. M.C.L. 408.933

35. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

36. Defendant's conduct in this regard was knowing and willful.

37. Plaintiff and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

  b. Designation of this action as a class action pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA") and prompt issuance of notice;

  c. An award of unpaid overtime wages under federal and state law;

  d. An award of liquidated damages under federal and state law;

  e. Compensatory damages for monetary and non-monetary damages;

  f. Exemplary and punitive damages;

  g. Prejudgment interest;

  h. Attorneys' fees and costs under federal and state law; and

  i. Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW, PLLC

/s/ Brendan J. Childress
Brendan J. Childress (P85638)
Attorney for Plaintiffs
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
brendan@hurwitzlaw.com

Dated: November 1, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS BERRY,<br>On his behalf and on behalf of<br>all others similarly situated;<br><br>　　　　Plaintiff,<br>v.<br><br>STONEMOR MICHIGAN LLC,<br><br>　　　　Defendant. | Case No.<br><br>Hon.<br><br>**COLLECTIVE ACTION FAIR LABOR STANDARDS ACT**<br><br>**CLASS ACTION IMPROVED WORKFORCE OPPORTUNITY WAGE ACT** |

Noah S. Hurwitz (P74063)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Brendan@hurwitzlaw.com

**JURY DEMAND**

　　Now Comes Plaintiff Douglas Berry, individually and on behalf of all other similarly situated individuals ("Plaintiffs") by and through their attorneys, Hurwitz Law PLLC, and hereby demand a trial by jury for all issues in the above-caption matter.

9

                                                  Respectfully Submitted,
                                                  HURWITZ LAW, PLLC

                                                  <u>/s/ Brendan J. Childress</u>
                                                  Brendan J. Childress (P85638)
                                                  Attorney for Plaintiffs
                                                  617 Detroit Street, Suite 125
                                                  Ann Arbor, MI 48103
                                                  (844) 487-9489
Dated: November 1, 2022                     brendan@hurwitzlaw.com